IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARWIN SELECT INSURANCE CO., § <br> Plaintiff, § <br> § <br> v.  § <br> § <br> LAMINACK, PIRTLE & MARTINES, § <br> L.L.P., *et al.*, § <br> Defendants. § | CIVIL CASE NO. H-10-5200 |

# MEMORANDUM AND ORDER

Pending before the Court in this insurance coverage dispute is Defendants' Motion to Dismiss Under Rule 12(b)(1) and (6) [Doc. # 12] ("Motion"), to which Plaintiff has responded in opposition [Doc. # 18], and Defendants replied [Doc. # 23]. Having reviewed the parties' submissions and arguments, all pertinent matters of record, and applicable legal authorities, the Court concludes that Defendants' Motion should be **denied**.[1]

---

[1] Plaintiff filed two Motions to Dismiss/Strike Counterclaims, on March 28, 2011 [Doc. # 8] and April 25, 2011 [Doc. # 16]. Plaintiff's March 28, 2011 Motion to Dismiss [Doc. # 8] was replaced by Plaintiff's April 25, 2011 Motion to Dismiss [Doc. # 16]. Therefore, Plaintiff's March 28, 2011 Motion to Dismiss is **denied as moot.** Plaintiff's April 25, 2011 Motion to Dismiss [Doc. # 16] is **denied**, just as it was at the initial pretrial conference in this case. *See* Minute Order [Doc. # 21].

## I.   FACTUAL BACKGROUND

Plaintiff filed this declaratory judgment action against Defendants, seeking a declaration that Plaintiff "has no duty to defend or indemnify Defendants" in a state court suit against Defendants for legal malpractice, *Rx.com, et al. v. John M. Quinn & Associates PLLC d/b/a/ the O'Quinn Law Firm, et. al.*, No. 2010-66863 (80th Dist. Ct., Harris County, Tex.) ("*Rx.com* Suit").  The underlying plaintiffs, Rx.com, Inc. and Joe S. Rosson, allege that viable antitrust claims were lost because their lawyers, which include *inter alia* the Defendants in this suit, filed suit on those claims after the statute of limitations had expired.

Defendants seek dismissal of this declaratory judgment action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that there is no justiciable controversy and the coverage claims are not ripe.  Defendants' Motion has been fully briefed.

## II.  LEGAL STANDARD:

The Declaratory Judgment Act "'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'"  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)).  "'The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to

declare the rights of litigants.'" *Id.* (quoting *Wilton*, 515 U.S. at 286). "'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Id.* (quoting *Wilton*, 515 U.S. at 289).

In determining whether to handle a Declaratory Judgment Action, "[a] federal district court must determine (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.* at 387; *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

An assertion that a declaratory judgment action is not justiciable is an attack on the Court's subject matter jurisdiction. *See Orix*, 212 F.3d at 895.[2] When deciding a Rule 12(b)(1) motion, the type of evidence used to render a decision depends on whether the movant has made a facial or factual attack. *Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd,* 199 F.3d 279 (5th Cir. 2000). On a facial attack, the Court merely considers whether the plaintiff has correctly alleged a basis for subject matter jurisdiction by reviewing the allegations in the complaint, which are presumed to be true. *Id.* On a factual attack, that is,

---

[2] Accordingly, there is no need to address the Rule 12(b)(6) standard in deciding Defendants' Motion.

where the movant supports his motion with factual evidence, the allegations of the nonmovant are not presumed to be true and the Court may consider matters outside the pleadings. *Id.* (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995), *aff'd*, 102 F.3d 551 (5th Cir. 1996)).

### III.  ANALYSIS

#### A.  Justiciability

"[A] declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Orix Credit Alliance, Inc.*, 212 F.3d at 896 (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* (citations omitted). "[A]n actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having legal interests." *Id.* (citations and internal quotation marks omitted); *accord Venator Group Specialty, Inc. v. Mathew/Muniot Family*, 322 F.3d 835, 838 (5th Cir. 2003).

A "declaratory judgment action is proper even though there are future contingencies that will determine whether the controversy becomes real." *See* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY K. KANE & RICHARD L. MARCUS § 2757 (3d ed. 2010). A plaintiff can prove a declaratory judgment action is justiciable "by establishing actual present harm or a significant possibility of future

harm." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008) (citation and internal quotation marks omitted). "By its very nature, a declaratory judgment action focuses on an injury that has not yet occurred; the issue is whether the injury is sufficiently likely to justify judicial intervention." *RSUI Indem. Co. v. Enbridge (U.S.) Inc.*, No. H-08-1807, 2008 WL 5158179, at *2 (S.D. Tex. Dec. 9, 2008) (citing *Orix Credit Alliance, Inc.*, 212 F.3d at 898).

A case is generally ripe for consideration if the remaining questions are purely legal ones and additional factual development is unnecessary. *See New Orleans Pub. Serv. Inc. v. Counsel of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 581 (1985)). In determining whether a case is ripe for declaratory judgment purposes, a court considers the fitness of the issues for judicial consideration and the hardship to the parties of withholding court consideration. *Id.* (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), and *Placid Oil Co. v. Fed. Energy Regulatory Comm'n*, 666 F.2d 976, 981 (5th Cir. 1982)).

Defendants argue that this suit is not yet ripe because they have not yet exhausted the Policy's Self Insurance Retention ("SIR"). Under the Policy, the SIR is $100,000 that must be paid by the beneficiary (or a person other than the insurer)

before Plaintiff Darwin has an obligation to pay anything under the Policy.[3] Defendants argue that this controversy is not ripe because Plaintiff will not be obligated to pay until the large SIR is exhausted and there is no significant indication that this will occur.

The Court is not persuaded. As a general rule, "[a]n actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's duty to defend." *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.,* 542 F.3d 106, 110 (5th Cir. 2008) (citing *W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 312-13 (5th Cir. 1993)). Additionally, the "'duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *See id.* (quoting *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1994)). In other words, a court may decide that an insurance policy does not cover an event or claim before the underlying liability lawsuit has been resolved if the duty to defend and the duty to indemnify turn on the same principle and the court concludes as a matter of law

---

[3] Darwin Lawyers Professional Liability Insurance Policy [Doc. # 18-4] ("Policy"), § I.A, at 21 ("The Insurer [Plaintiff] will pay on behalf of an Insured [Defendants] subject to the Limit of Liability, all amounts in excess of the Retention shown in the Declarations that an insured becomes legally obligated to pay as Damages and Claims Expenses).

there is no duty to defend under the Policy. Plaintiff has provided no legal authority, and the Court is aware of none, suggesting that this result should be different merely because the Policy's SIR has not yet been exhausted.[4]

Under the Policy, Plaintiff has rights and duties without regard to whether the SIR is exhausted. Plaintiff has the right for instance to immediately appoint defense counsel,[5] to determine reasonable Claims Expenses,[6] to control settlement,[7] and to determine whether the matter is litigated or arbitrated.[8] Here, it is uncontroverted that Plaintiff has agreed to participate in the defense of the *Rx.com* Suit subject to a

---

[4] In their Reply [Doc. # 23], Defendants rely on *Rhodes v. Chicago Ins. Co., a Div. of Interstate Nat. Corp.*, 719 F.2d 116, 120 (5th Cir. 1983), to argue that this case is not ripe because Plaintiff is defending the *Rx.com* Suit under a "a reservation of rights." *Rhodes* did not address ripeness or justiciability under the Federal Declaratory Judgment Act and is inapplicable here.

[5] *See id.*, § IV.D.

[6] *See id.*, §§ II.D, IV.D.

[7] *See id.*, §§ IV.D, IV.J.

[8] *See id.*, § IV.J.

reservation of rights,[9] and has exercised its rights to designate defense counsel,[10] to determine reasonable "Claims Expenses,"[11] and other rights under the Policy.[12]

Additionally, Plaintiff has provided convincing evidence that the *Rx.com* Suit is likely to exhaust the $100,000 SIR. The *Rx.com* Suit against Defendants involves a claim for millions of dollars for the loss of an allegedly strong antitrust claim. There also is a history of ill will and protracted litigation between the *Rx.com* Suit plaintiffs' counsel and the defendants in that suit. It appears that Rx.com is likely to litigate the state suit vigorously. Therefore, the Court concludes that, there is a "significant possibility" that the SIR will be exhausted. For these reasons, the Court concludes that this coverage dispute is of "sufficient immediacy and reality" to be ripe for adjudication.

---

[9] *See* Reservation of Rights Letter, at 1-12, Exh. 2-A to Plaintiff's Appendix [Doc. # 18-4], at 36-48.

[10] *See* Approval of Counsel, at 1, Exh. 2-C to Plaintiff's Appendix [Doc. # 18-4], at 68.

[11] *See* Reservation of Rights Letter, at 13-18, Plaintiff's Appendix [Doc. # 18-4], at 49-54.

[12] *See id.* at 9-12, Plaintiff's Appendix [Doc. # 18-4], at 45-48 (discussing Plaintiff's right to control various aspects of the underlying litigation under the Policy, including for example, Plaintiff's right to consent to settlement).

### B. Authority

Having determined that a justiciable controversy exists, the Court must determine whether it is within its authority to hear a declaratory judgment action. *Sherwin-Williams Co.*, 343 F.3d at 387.[13] Defendants do not question the Court's authority, as there is no parallel state court case involving the coverage dispute at issue here. This factor thus is satisfied.

### C. Discretionary Factors

If the dispute is justiciable, the Court has discretion to decide whether declaratory judgment action should be granted. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In *St. Paul v. Paul Insurance Co. v. Trejo*, 39 F. 3d 585 (5th Cir. 1994), the Fifth Circuit identified seven non-exclusive factors for a federal court to consider when deciding whether to dismiss a declaratory judgment action. These *Trejos* factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant;

---

[13] "[A] district court does not have authority to consider the merits of a declaratory judgment action when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involves the same issues as those filed in federal court; and (3) the district is prohibited from enjoining state proceedings. *Sherwin-Williams, Co.*, 343 F.3d at 388.

    (3)    whether the plaintiff engaged in forum shopping in bringing suit;

    (4)    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

    (5)    whether the federal court is convenient forum for the parties and the witnesses;

    (6)    whether retaining the lawsuit would serve the purposes of judicial economy; and

    (7)    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-591; *see also Sherwin-Williams*, 343 F.3d at 388.

The Court concludes that all the *Trejo* factors weigh in favor of allowing this declaratory judgment case to proceed. The coverage issue presented here, the applicability of the "Prior Acts Condition" exclusion, is not before any state court. Defendants present no evidence and do not argue that this case was filed in anticipation of other litigation, that Plaintiff engaged in forum shopping, that inequities would flow from allowing this suit to go forward, that this forum is inconvenient to any party, or that the Court would be asked to construe a state judicial decree. Defendants merely argue that this suit will not serve judicial economy, the sixth factor, because Plaintiff has not demonstrated that Defendants are likely to exhaust the Policy's SIR. As discussed in Section III.A, the Court disagrees and concludes there is a significant possibility, indeed a strong likelihood, that the SIR

will be exhausted in the *Rx.com* Suit. Accordingly, the *Trejo* factors weigh in favor of this Court's proceeding to adjudicate.

## IV. <u>CONCLUSION AND ORDER</u>

Plaintiff has met its burden to show that this Court has subject matter jurisdiction over this Federal Declaratory Judgment Act dispute and there is no good cause to decline jurisdiction over this matter. Accordingly, it is hereby

**ORDERED** that Motion to Dismiss Under Rule 12(b)(1) and (6) [Doc. # 12] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Dismiss/Strike Counterclaim [Doc. # 8] is **DENIED as moot.**

SIGNED at Houston, Texas, this **3rd** day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge