# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARWIN SELECT INSURANCE COMPANY, §§§ | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-5200 |
| § | | |
| LAMINACK, PIRTLE & MARTINES, L.L.P., *et al.*, §§§ | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This insurance coverage dispute is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 29] filed by Plaintiff Darwin Select Insurance Company ("Darwin") regarding whether it owes Defendants a duty to defend and indemnify in an underlying lawsuit filed against Defendants and others by Rx.com, Inc. and Joe S. Rosson. Defendants Laminack, Pirtle & Martines, L.L.P. ("the Firm"), Richard N. Laminack, and Thomas W. Pirtle filed a Response [Doc. # 33], Plaintiff filed a Reply [Doc. # 36], Defendants filed a Sur-Reply [Doc. # 37], and Plaintiff filed a Sur-Sur Reply [Doc. # 40]. Having reviewed the full record and applicable legal authorities, the Court concludes that Darwin does not owe Defendants a duty to defend. Therefore, the Court **grants** Darwin's Motion as to the duty to defend.

## I.     BACKGROUND

Darwin issued a Lawyers' Errors & Omission insurance policy (the "Policy"), insuring the Firm, Laminack and Pirtle. The Policy does not provide coverage for a "Wrongful Act" that occurs before the inception date of the Policy if, prior to the inception date, any Insured had a basis to foresee that the Wrongful Act might reasonably be expected to be the basis of a Claim against any Insured ("Prior Acts Condition").[1] *See* Policy [Doc. # 29-5], Section I.A. The inception date of the Policy is June 17, 2010.

On October 11, 2010, RX.com, Inc. ("RX") and Joe S. Rosson filed a lawsuit in Texas state court ("Underlying Lawsuit") against the Firm, Laminack, Pirtle and others. RX and Rosson allege that Laminack and Pirtle represented them while the two attorneys were affiliated with John M. O'Quinn & Associates, PLLC ("O'Quinn Firm"). Specifically, RX and Rosson allege that the defendants in the Underlying Lawsuit represented them from no later than June 2003 in connection with antitrust litigation to be filed against Medco Health Solutions, Inc., Caremark Rx, Inc., and Express Scripts, Inc. (collectively, "Pharmacy Benefit Managers" or "PBMs"). RX and Rosson allege that the defendants, particularly Pirtle, advised them that there were

---

[1]   The Prior Acts Condition is a condition to coverage under the Policy, not an Exclusion.

no statute of limitations problems with the planned lawsuit against the PBMs. RX and Rosson allege that Pirtle continued to make similar representations regarding the statute of limitations after he left the O'Quinn Firm and formed the Firm with Laminack. RX and Rosson allege that the defendants in the Underlying Lawsuit delayed filing the lawsuit against the PBMs until October 2004, when the PBM Lawsuit was filed in the United States District Court for the Eastern District of Texas. On March 11, 2008, the presiding judge in the PBM Lawsuit granted summary judgment for the PBMs based on the statute of limitations having expired prior to the filing of the lawsuit. The district court's decision was affirmed by the United States Court of Appeals for the Fifth Circuit on April 22, 2009. The Petition for Writ of Certiorari to the United States Supreme Court was denied on November 2, 2009.

On October 12, 2010, one day after the Underlying Lawsuit was filed, Defendants in this lawsuit gave Darwin notice of a "potential" malpractice claim against them by RX and Rosson. Darwin agreed to participate in the defense of the Underlying Lawsuit subject to a reservation of its right to withdraw from the defense.

Darwin filed this declaratory judgment action seeking a declaration that it does not owe a duty to defend or a duty to indemnify Defendants in connection with the Underlying Lawsuit. Darwin argues that there is no coverage under the Policy because the alleged malpractice occurred prior to the June 10, 2010, inception date of

the Policy and, prior to June 10, 2010, an Insured had reason to believe that missing the statute of limitations in the PBM Lawsuit might reasonably be expected to be the subject of a malpractice claim against the Insured.  Darwin has moved for summary judgment and the Motion is ripe for decision.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

**B.     Duty to Defend**

An insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). Whether the insurer owes a duty to defend is a question of law for the Court to decide. *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 471-72 (5th Cir. 2009). When faced with a coverage dispute, the Court must give effect to the intention of the parties as that intention is expressed in the insurance policy itself. *See Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983).

In deciding whether an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined by considering only the plaintiff's pleadings in the underlying lawsuit and the policy language. *Zurich*, 268 S.W.3d at 491. The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See id.* at 495 (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)). The Court is required to "resolve all doubts regarding the duty to defend in favor of the duty" and to "construe the pleadings liberally." *Id.* at 491. "If a complaint potentially includes a covered claim, the insurer must defend the entire suit." *Id.* The insured bears the burden of showing

that the claim against it is potentially within the policy's affirmative grant of coverage. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 553 (5th Cir. 2004); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996).

### III. ANALYSIS

#### A. Duty to Defend

The Prior Acts Condition provides that coverage under the Policy exists for acts prior to the June 10, 2010 inception date only if no Insured, prior to the inception date, had any basis to foresee that the Wrongful Act might reasonably be expected to be the basis of a Claim against the Insured. Consequently, Darwin owes Defendants no duty to defend if the allegations in the Underlying Lawsuit indicate that any Insured had information prior to June 10, 2010 that would provide a basis for the Insured reasonably to expect that the failure to file the PBM Lawsuit prior to the expiration of the statute of limitations might reasonably be expected to be the subject of a claim against any Insured.

Defendants state that they did not have knowledge of the motion for summary judgment filed in the PBM Lawsuit because the docket sheet in that lawsuit had not been updated with Defendants' new contact information. RX and Rosson allege in the Underlying Lawsuit, however, that after the March 11, 2008, entry of summary judgment in favor of the PBMs, Defendants "continued to assure Plaintiffs that the

limitations ruling was incorrect and that the summary judgment would be reversed on appeal." Underlying Lawsuit [Doc. # 29-3], ¶ 4.8. Therefore, the allegations in the Underlying Lawsuit indicate that Defendants had knowledge as of March 2008 that summary judgment had been entered in the PBMs' favor in the PBM Lawsuit based on the PBM Lawsuit having been filed after the statute of limitations expired.[2]

Based on the allegation of knowledge as of March 2008, Defendants had a basis to foresee that missing the statute of limitations in the PBM Lawsuit might reasonably be expected to be the basis of a malpractice claim against them. Courts disagree regarding whether the foreseeability issue should be determined on a subjective or objective basis. *Compare Westport Ins. Corp. v. Cotten Schmidt, LLP*, 605 F. Supp. 2d 796 (N.D. Tex. 2009) (objective basis) *with Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F. Supp. 2d 601 (E.D. Tex. 2003) (subjective basis). In this case, the unambiguous Policy language indicates that the foreseeability issue is determined on an objective basis. The Prior Acts Condition provides there is coverage for conduct prior to the inception date only if, prior to the inception date, no Insured "had ***any basis***" to foresee that the prior conduct "might ***reasonably be*** expected" to be the subject of a malpractice claim. Based on the Policy language, the

---

[2] Defendants do not deny having notice of the district court ruling.

Court concludes that the foreseeability determination should be made on an objective basis.[3]

It is undisputed that Laminack has been practicing law since 1987, and Pirtle has been practicing law since 1990. For many years, they were senior litigation counsel with the O'Quinn Firm during a time when it was a prominent litigation firm in Texas. Laminack was head of the O'Quinn Firm's mass tort division, and Pirtle claims that during his tenure with the O'Quinn Firm he was recognized as "a leader in establishing corporate liability in complex cases . . .." *See* Firm Website Page [Doc. # 29-11]. It is inconceivable that two experienced, accomplished attorneys, having received notice that a federal district judge had determined that they filed a lawsuit outside the statute of limitations, would not have a basis to foresee that missing the filing deadline might reasonably be expected to be the subject of a malpractice claim against them.

The plaintiffs in the Underlying Lawsuit allege facts that show that, after receiving notice of the district court's ruling regarding the statute of limitations,

---

[3] Even courts that use a subjective standard generally decline to accept an attorney's assertion that he did not foresee the possibility of a malpractice claim based on timing errors. *See, e.g., Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.*, 189 N.J. 436, 916 A.2d 440 (2007) (statute of limitations); *Liebling v. Garden State Indem.*, 337 N.J. Super. 447, 767 A.2d 515 (2001) (deadline for amending complaint). Similarly, if the Court were to decide the foreseeability issue based on a subjective standard, the result would be the same.

Defendants had information from which they could foresee that their alleged failure to file the PBM Lawsuit within the applicable statute of limitations might reasonably be the basis for a malpractice claim against them. As a result, Darwin does not owe a duty to defend Defendants in the Underlying Lawsuit.

### B. Duty to Indemnify

Generally, Texas law considers the duty-to-indemnify question to be justiciable only after the underlying suit is concluded, unless "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997); *see also Willbros RPI, Inc. v. Continental Cas. Co.*, 601 F.3d 306, 313 (5th Cir. 2010). The Underlying Lawsuit remains pending and, as a result, the duty to indemnify issue is not yet justiciable and this case will be stayed until such time as the Underlying Lawsuit is finally concluded.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Darwin does not owe Defendants a duty to defend in the Underlying Lawsuit. As a result, it is hereby

**ORDERED** that Darwin's Motion for Summary Judgment [Doc. # 29] is **GRANTED** as to the duty to defend. It is further

**ORDERED** that the remaining duty to indemnify issue is **STAYED** and this case is **ADMINISTRATIVELY CLOSED**. Counsel are directed to advise the Court promptly and in writing when the Underlying Lawsuit has been finally concluded. At that time, if appropriate, counsel shall file a motion seeking reinstatement of this case on the Court's active docket.

SIGNED at Houston, Texas, this **8th** day of **February, 2012**.

_____
Nancy F. Atlas
United States District Judge