IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARWIN SELECT INSURANCE COMPANY, § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-5200 |
| LAMINACK, PIRTLE & MARTINES, L.L.P., *et al.*, | § § § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for Entry of a Final Judgment ("Motion") [Doc. # 42] filed by Plaintiff Darwin Select Insurance Company ("Darwin"), to which Defendants Laminack, Pirtle & Martines, L.L.P. ("the Firm"), Richard N. Laminack, and Thomas W. Pirtle filed a Response [Doc. # 43], and Darwin filed a Reply [Doc. # 44]. Having reviewed the full record and applicable legal authorities, the Court **denies** Darwin's Motion.

### I. BACKGROUND

Darwin issued a Lawyers' Errors & Omission insurance policy (the "Policy"), insuring the Firm, Laminack and Pirtle. The Policy does not provide coverage for a "Wrongful Act" that occurs before the inception date of the Policy if, prior to the

inception date, any Insured had a basis to foresee that the Wrongful Act might reasonably be expected to be the basis of a Claim against any Insured ("Prior Acts Condition"). *See* Policy [Doc. # 29-5], Section I.A. On October 11, 2010, RX.com, Inc. ("RX") and Joe S. Rosson filed a lawsuit in Texas state court ("Underlying Lawsuit") against the Firm, Laminack, Pirtle and others. RX and Rosson allege that Laminack and Pirtle represented them in connection with antitrust litigation filed against Medco Health Solutions, Inc., Caremark Rx, Inc., and Express Scripts, Inc. (collectively, "Pharmacy Benefit Managers" or "PBMs") in October 2004. The presiding judge in the PBM Lawsuit granted summary judgment for the PBMs based on the statute of limitations having expired prior to the filing of the lawsuit.

Defendants gave Darwin notice of a "potential" malpractice claim against them by RX and Rosson, and Darwin agreed to participate in the defense of the Underlying Lawsuit subject to a reservation of its right to withdraw from the defense. Darwin then filed this declaratory judgment action seeking a declaration that it did not owe a duty to defend or to indemnify Defendants in connection with the Underlying Lawsuit. This Court agreed that there was no duty to defend, but concluded that the duty to indemnify issue was not yet ripe for decision. *See* Memorandum and Order [Doc. # 41] entered February 8, 2012.

Darwin has moved pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for entry of a final judgment on the duty to defend issue. The Motion has been fully briefed and is ripe for decision.

## II.   ANALYSIS

Rule 54(b) provides for entry of a final judgment as to some but not all claims in a lawsuit "if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980). Entry of a final judgment pursuant to Rule 54(b) requires a finding that the ruling is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action" and that there is "no just reason for delay" in entering the final judgment. *Curtiss-Wright Corp.*, 446 U.S. at 7-8.

A Rule 54(b) final judgment "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals." *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000) (internal quotations and citations omitted). "A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the

presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Abecassis v. Wyatt*, 2010 WL 2671576, *2 (S.D. Tex. June 30, 2010) (Rosenthal, J.) (quoting *Akers v. Alvey,* 338 F.3d 491, 495 (6th Cir. 2003)). Rule 54(b) motions are disfavored and should be granted only "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

In this case, the relationship between the duty to defend and the duty to indemnify is a close one, because both are based on consideration of the Policy language as it applies to the allegations (for the duty to defend) and any judgment (for the duty to indemnify) in the Underlying Lawsuit. Although there is little likelihood that the need for review might be mooted by future developments *in the district court*, the potential that an appellate court would be required to consider the same issue multiple times is great in this case. The duty to defend as decided by this Court was based on the complaint in the Underlying Lawsuit as it existed at the time of the ruling. That complaint could be amended one or more times in the future, leading to

multiple requests for a ruling on the duty to defend each time the complaint changes, and to multiple appeals of the Court's various rulings.

The Court is most persuaded by the delay and economic factors. Darwin has not presented any evidence that there exists some danger of hardship or injustice through delay which would be alleviated by an immediate appeal. Based on the Court's ruling on the duty to defend, Darwin has withdrawn its defense in the Underlying Lawsuit. Consequently, Darwin is not faced with any hardship that would be alleviated by entry of a Rule 54(b) final judgment and an immediate appeal. Defendants, on the other hand, would be required to expend resources on any appeal from the Rule 54(b) judgment while simultaneously needing to focus on the defense of the Underlying Lawsuit.

Based on its consideration of relevant factors and its balancing of competing interests, the Court declines to enter a Rule 54(b) final judgment on the duty to defend issue.

### III. CONCLUSION AND ORDER

The Court has considered the factors relevant to a decision whether to enter a Rule 54(b) final judgment, and has balanced the cost and inconvenience of piecemeal review against the danger of injustice from delay. Finding that there is no danger of

injustice from delay, the Court declines to exercise its discretion to direct the entry of a final judgment as to the ruling on the duty to defend. It is hereby

**ORDERED** that Darwin's Motion for Entry of Final Judgment [Doc. # 42] is **DENIED**.

SIGNED at Houston, Texas, this 11th day of **April, 2012**.

_____
Nancy F. Atlas
United States District Judge